## Adams and Another v. Rodarmel.

Action on two notes by R against A and B. The defendants answer, that C and D were partners, and dissolved, when C, with A and B as his sureties, executed two notes to D, for his interest in the partnership property, and he assigned them to R, and then A and B took them up, and gave in lieu thereof the notes in suit, being for the same amount; and that, before the dissolution of the partnership, the said A and B were sureties for C and D, for the payment of one thousand dollars, which they had been, since the execution of the notes in suit, compelled to pay, and that C and D are both insolvent, and have no property subject to execution, and that D assigned the original notes to R without consideration, and with intent to defraud his creditors, of which intent the said A and B had no notice, when they executed the notes in suit as aforesaid, and that D is now the real owner of the notes in suit, and they pray that D be made a party, and that enough of the amount paid by them, for D as aforesaid, to pay the notes in suit, be set off against them, etc.

*Held*, that said answer constituted no defense, or bar to the plaintiff's

action, and that the claim of set-off could not be sustained, because the defendants did not become the creditors of D until after they had notice of the assignment to the plaintiff, and had executed to the plaintiffs the notes in suit.

APPEAL from the *Knox* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Howard* and *Hiram Adams* upon two promissory notes, one for the payment of two hundred dollars, and the other for one hundred dollars, and each bearing date, December 31, 1858.

Defendants' answer contains five paragraphs: 1. That the notes, described in the complaint, were given without any valid consideration. The facts alleged in the second, third, fourth, and fifth paragraphs are, in effect, the same, and are, substantially, as follows:

One *Samuel Adams* and one *Oscar Rodarmel* were partners, under the name and firm of "*Adams & Rodarmel*," and, having dissolved their partnership, *Adams*, with the defendants as his sureties, executed to *Rodarmel* two promissory notes, of the aggregate amount of three hundred dollars, for his, *Rodarmel's*, interest in the partnership property. After this, *Rodarmel* assigned these notes to the plaintiff; and afterward, on the said 31st of March, 1858, the defendants, in lieu of the notes so assigned, gave to the plaintiff the notes sued on in this action. It is averred, that prior to the dissolution of said partnership, the defendants had become the sureties of "*Adams & Rodarmel*," for the payment of one thousand dollars, which they have been, since the execution of the notes in suit, compelled to pay, for and on account of, that firm; and that they, *Adams & Rodarmel*, are both utterly insolvent, and have no property liable to execution; that *Rodarmel* assigned the original notes to the plaintiff without any consideration whatever, and with intent to defraud his creditors, of which fraudulent intent the defendants had no notice or knowledge whatever, when, in lieu of

the notes so assigned to the plaintiff, they gave to her the notes described in the complaint; and the defendants, in fact, say, that *Oscar Rodarmel* is the real owner of the notes sued on; and they, therefore, pray that he be made a party, etc., and that, on final hearing, the amount paid by them, for said firm, be adjudged a proper set-off in this suit, and that they have other relief, etc.

To the first paragraph of the answer, the plaintiff replied by a general traverse, but to the second, third, fourth, and fifth, he demurred. The demurrers were sustained, and the defendants excepted.

The Court tried the issues, and found for the plaintiff the full amount of the notes, etc. Motion for a new trial denied, and judgment, etc.

Do the facts, alleged in the paragraphs to which demurrers were sustained, constitute any defense to the action? This is the controlling inquiry in the case. The defendants, as has been seen, were the sureties of *Rodarmel* when the first notes were executed, and when he assigned them to the plaintiff; but they were not his creditors, nor did they, the defendants, become his creditors, until after they had notice of the assignment, and had executed, to the plaintiff, the notes in suit, in lieu of the assigned notes, and thus, not being creditors, could not have been defrauded by the assignment, though it was made to defraud creditors. Indeed, the assignment was a transaction to which the defendants were strangers; it was in no way connected with the consideration of the notes assigned, and its invalidity could not, therefore, be, legitimately, set up in the defense. But, as we understand the alleged facts, the defendants, when they executed their notes to the plaintiff, and, of course, had notice of the assignment, had no "defense, or set-off" against the payee, or assignor, of the original notes. 2 R. S., p. 378, sec. 3. And, that being the case, the facts alleged constitute no bar to the action.

*Per Curiam.*—The judgment is affirmed, with costs, and five per cent. damages.

*J. C. Denny,* for the appellants.

*John Baker,* for the appellee.